

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
     **JUDGE**

# LETTER OPINION

Jordan B. DeFlora, Esq.
Two University Plaza
Suite 402
Hackensack, NJ 07601
*Attorney for Defendant*

Jill Anne LaZare, Esq.
Law Offices of Jill Anne Lazare, LLC
51 JFK Parkway
First Floor West
Short Hills, NJ 07078
*Attorney for Plaintiff*

**Re:    Professional Cleaning and Innovative Building Services, Inc. v.
Kennedy Funding, Inc.
<u>Docket No. 05-CV-2384 (WJM)</u>**

Dear Counsel:

This matter is before the Court on defendant's motion to dismiss.  For the reasons stated below, this motion is **GRANTED**.

## A.  Background

Plaintiff Professional Cleaning and Building Services ("Professional") became interested in purchasing a commercial property located in Kansas (the "Property"), and sought funding from defendant Kennedy Funding ("Kennedy") in the amount of $1,800,000.  (Complaint at ¶¶ 1-2.) Kennedy agreed to provide a loan commitment in return for a $54,000 commitment fee.  (*Id.* at ¶¶ 2-3.)  The commitment fee is non-refundable, unless Kennedy fails to perform its obligations under the terms of the agreement.  (*Id.* at Exh. B.)  The commitment form limits Kennedy's liability to the amount of the commitment fee, and states that Professional agrees that the

limitation is reasonable and they will not pursue any claim in excess of that sum.  (*Id.*)  The form explains that "the basis for the Loan is the as is market value of the real estate Collateral in its present condition," and that "Borrower understands that [Kennedy] cannot and will not lend more than Sixty Percent (60%) of the as is market value of the real estate Collateral."  (*Id.*)  The Property was valued by one of Kennedy's appraisers at $2,088,000, and on Professional's objection, the property was appraised again by a third party at $2,430,000.  (Compl. at ¶¶ 22-25.)  Using the sixty percent formula as called for by the commitment form, both values caused the loan to fall short of the $1,800,000 necessary for Professional to close on the Property.  (*Id.* at 26.)  In order to obtain the full loan amount, the property would have to be valued at $3,000,000.

Professional was forced to seek funding elsewhere, and now seeks the return of the fees paid, in addition to treble damages, based on Kennedy's allegedly unconscionable conduct in violation of the New Jersey Consumer Fraud Act (the "CFA").  (*Id.* at 28-46.)

**B.  Standard of Review**

A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may be treated as a facial or a factual challenge.  *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000).  In reviewing a facial attack, the court may only consider the allegations in the complaint, in addition to documents referenced therein and attached thereto, in the light most favorable to the plaintiff.  *Mortensen v. First. Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  However, when the court is considering factual attacks, the court may review evidence outside of the complaint.  *Gotha v. United States*, 115 F.3d 176, 178-179 (3d Cir. 1997).  Thus, the court entertaining a factual attack to subject matter jurisdiction has some leeway to weigh the evidence and satisfy itself as to the existence of its power to hear the case.  *See Mortensen*, 549 F.2d at 891.  Dismissal pursuant to 12(b)(1) is proper only when the claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidecolor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991). When subject matter jurisdiction is challenged, the plaintiff bears the burden of proving that the jurisdictional requirements have been met.  *Id.*

**C.  Analysis**

This complaint was filed pursuant to diversity jurisdiction.  At issue in the motion to dismiss is the amount in controversy.  In order for this Court to have jurisdiction over a diversity matter, the amount in controversy must exceed $75,000, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).  Defendant maintains that the contract prohibits any recovery beyond $54,000, thus this Court does not have jurisdiction.  Plaintiff argues that defendant's practices are in violation of the CFA, therefore the limitation on damages clause is ineffective and treble damages may be awarded.

Where both actual and punitive damages are recoverable under a complaint, each must be considered in analyzing the amount in controversy.  *Bell v. Preferred Life Assurance Soc'y.*, 320

U.S. 238, 240 (1943).  In determining whether the jurisdictional amount is satisfied, the sum claimed by the plaintiff controls if the claim is apparently made in good faith.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).  To justify dismissal, it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.  *Id.* at 289.

In New Jersey, contractual limitations of liability have traditionally been upheld so long as they do not violate public policy.  *Marbro, Inc. v. Borough of Tinton Falls*, 66 A.2d 159, 162 (N.J. Super. Ct. App. Div. 1996).  However, contractual limitations on liability cannot shield a party from liability for their own fraudulent acts.  *Turkish v. Kasenetz*, 27 F.3d 23, 28 (2d Cir. 1994).  If plaintiff successfully asserts a CFA claim, plaintiff may be entitled to treble damages under the mandate of the act.  N.J.S.A. § 56:8-19.  *See also Skeer v. EMK Motors*, 455 A.2d 508, 511 (N.J. Super. Ct. App. Div. 1982).  In order for plaintiff to sustain such an action, it must allege (1) unlawful conduct by the defendant; (2) an ascertainable loss on the part of the plaintiff; and (3) a causal relationship between the conduct and the loss.  *Dabush v. Mercedes Benz*, 874 A.2d 1110, 1116 (N.J. Super. Ct. App. Div. 2005).  Unlawful conduct is defined under the CFA as  "the use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise."  N.J.S.A. § 56:8-2.

Plaintiff has not made a sufficient showing of any unlawful conduct on the part of the defendant, as is required to sustain an action under the CFA.  *See Skeer*, 455 A.2d at 511.  The contract is between two commercial entities, and is clear and unambiguous.  The loan document itself, excluding schedules, is a mere seven pages long.  The clauses plaintiff finds objectionable are not buried in fine print in the middle of a lengthy document.  Rather, the document states clearly and repeatedly on page three in normal sized type that the loan amount is based on sixty percent of the as is market value of the property, not to exceed $1,800,000.  It is also made abundantly clear on page three that the commitment fee is non-refundable, most notably by a sentence in the middle of the page separate from any other paragraph that notes "[s]aid fee is not refundable under any circumstances."  Likewise, the limitation of damages clause is conspicuously presented in the contract.  The clause appears at the bottom of page five in a separate paragraph entitled "Limitation of Damages."  The title and the paragraph itself state in plain language that defendant will have no liability to plaintiff under any circumstances for any amount in excess of the commitment fee.  This section of the agreement is presented in all capital letters and bold typeface.  Finally, Brenda Wood, President of Professional, initialed at the bottom of each page of the agreement to indicate that she had read and accepted the terms.  (Compl. at Exh. B.)  Therefore, this Court cannot conclude that defendant engaged in fraudulent behavior as defined by the CFA.

Since plaintiff has insufficiently pled a cause of action under the CFA, the limitation on damages clause remains in effect and it appears to a legal certainty that no recovery in excess of the jurisdictional amount is possible.  Thus, the motion to dismiss is **GRANTED** and the complaint is dismissed.

**D. Conclusion**

In conclusion, defendant's motion to dismiss is granted and plaintiff's complaint is **DISMISSED** for lack of subject matter jurisdiction.

A separate order will be entered consistent with this letter opinion.

/s/William J. Martini

**Dated:** 8/11/05

_____

**William J. Martini, U.S.D.J.**